UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Charles W. Coleman, Jr., | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | 3:06cv866(MRK) |
| | : | |
| Warden McGill, | : | |
|     Respondent. | : | |

**RULING AND ORDER**

Pending before the Court is Charles W. Coleman, Jr.'s Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [doc. # 1]. In response to Respondent, Warden McGill's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus [doc. # 14], on October 10, 2007, Mr. Coleman filed a Reply [doc. # 18], as well as a Motion for Appointed Attorney [doc. # 19]. The facts and procedural history concerning Mr. Coleman's state court conviction are related in several state court decisions and will not be repeated here. The Court assumes familiarity with those rulings. *See, e.g.*, *State v. Comm'r of Corr.*, 274 Conn. 422 (2005); *State v. Coleman*, 251 Conn. 249 (1999); *State v. Coleman*, 241 Conn. 784 (1997); *State v. Coleman*, 48 Conn. App. 260 (1998); *State v. Coleman*, 42 Conn. App. 78 (1996). Mr. Coleman has properly exhausted his state remedies. In his Petition, Mr. Coleman raises two claims: (1) the state trial court's instructions to the jury on the presumption of innocence and reasonable doubt, which stated that the rules were made to protect society and the innocent and not the guilty, violated his constitutional rights; and (2) the state habeas court abused its discretion by denying his petition for certification to appeal and by granting the motion of his court-appointed counsel to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1]  Having considered the record and the parties' briefs, the Court finds no merit to Mr. Coleman's claims and therefore DISMISSES his Petition for a Writ of Habeas Corpus [doc. # 1].

## I.

Mr. Coleman's first ground for habeas relief was considered in depth by the Second Circuit in *DelValle v. Armstrong*, 306 F.3d 1197 (2d Cir. 2002).  There, the Second Circuit considered a habeas petition that, like Mr. Coleman's Petition, sought relief in reliance on *United States v. Doyle*, 130 F.3d 523 (2d Cir. 1997) on the ground that the Connecticut "trial court's instructions that reasonable doubt is a 'rule of law . . . made to protect the innocent and not the guilty' undermin[ed] the presumption of innocence and dilut[ed] the state's constitutionally required burden of proof." 306 F.3d at 1199.[2]  The Second Circuit rejected DelValle's claim for reasons that apply equally to Mr. Coleman's Petition.

First, the Second Circuit dismissed the argument that its decision in *Doyle* was controlling authority for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No.

---

[1] In his Reply [doc. # 18], Mr. Coleman at several points asserts that his trial counsel's representation was deficient.  In his state habeas proceedings, Mr. Coleman did allege an ineffective assistance of counsel claim, which was rejected, *see State v. Comm'r of Corr.*, 274 Conn. 422 (2005), and on appeal, Mr. Coleman argued that the habeas judge abused its discretion in denying his petition for certification to appeal from the dismissal of his petition for writ of habeas corpus, and also, as he does here, that the court denied his constitutional right to counsel at the habeas proceeding by allowing his attorney to withdraw pursuant to *Anders*.  *See id.*  Mr. Coleman's appeal was denied.  *See id.*  In this § 2254 petition, Mr. Coleman raised only the two claims previously noted above, and as such, the Court addresses only those two issues.

[2] In *DelValle*, the Connecticut Supreme Court had rejected DelValle's arguments on the basis of its decision in *State v. Schiappa*, 248 Conn. 132 (1999).  The Connecticut Supreme Court similarly rejected Mr. Coleman's arguments on the basis of *Schiappa*.  *See Coleman*, 251 Conn. at 251 ("This case is controlled by our recently issued decision in . . . *Schiappa* . . . .").

2

104-132, § 104, 110 Stat. 1214, 1218-19. "[A]fter AEDPA, *Doyle* cannot serve as a basis for federal habeas relief under Section 2254 because it has no counterpart in Supreme Court jurisprudence." *Id.* at 1200 (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Mask v. McGinnis*, 252 F.3d 85, 90 (2d Cir. 2001)).

Next, the Second Circuit identified the general principles that the Supreme Court has articulated to guide the analysis of claims such as Mr. Coleman's, noting that the Supreme Court has stated that a state prisoner making a claim of improper jury instructions faces a substantial burden:

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violated due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.

*Id.* at 1201 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (internal quotation marks omitted). The Second Circuit also noted that the "Supreme Court has also held that it is a "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" *Id.* (quoting *Cupp v. Naughton*, 414 U.S. 141, 146-47 (1973)).

Finally, the Second Circuit assessed DelValle's claims against the Supreme Court standard in words that apply equally to Mr. Coleman's case:

> Neither of the two jury instructions challenged in the present petition, when viewed in the context of the entire jury charge, are so erroneous as to deprive appellant of his constitutional rights to due process and to a fair jury trial. The trial court repeatedly emphasized throughout its jury instructions that appellant was entitled to a presumption of innocence and that the state bore the burden of proving each element of the crime beyond a reasonable doubt. The instruction that the reasonable doubt standard "is made to protect the innocent and not the guilty" was

3

> located among a series of admonitions stating that the law affords every person a presumption of innocence that can be overcome only by evidence proving guilt of the crimes charged beyond a reasonable doubt. Where a trial court repeatedly emphasizes the state's burden of proof, a single instruction taken in isolation that at worst suggests a lessening of that burden does not constitute grounds for habeas relief.

*Id.* (citing *Cupp*, 414 U.S. at 148).

Accordingly, the Second Circuit in *DelValle* concluded that the Connecticut Supreme Court's determination regarding the jury instruction was neither contrary to, nor an unreasonable application of, clearly established federal law. For similar reasons, this Court reaches the same conclusion regarding the Connecticut Supreme Court's ruling on the jury instructions given at Mr. Coleman's trial.

## II.

Mr. Coleman's second ground for seeking habeas relief is equally without merit. He has not shown that the Connecticut Supreme Court's rejection of his claims regarding his counsel's *Anders* brief or the denial of his petition for certification to appeal that issue satisfies AEDPA's standards. In particular, the Connecticut Supreme Court's decision rejecting Mr. Coleman's claims did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "result[] in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Indeed, Mr. Coleman had no federal constitutional right to appointed counsel in state habeas proceedings collaterally attacking his conviction. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Murden v. Artuz*, 497 F.3d 178 (2d Cir. 2007). Nor does he have the right to insist on *Anders* procedures when his court-

appointed counsel wishes to withdraw. *See Pennsylvania v. Frinley*, 481 U.S. 551, 555 (1987). Therefore, by providing Mr. Coleman court-appointed counsel and by scrupulously adhering to the federal *Anders* procedures as a matter of Connecticut law, the Connecticut courts afforded Mr. Coleman greater rights than he was entitled to under the U.S. Constitution. *See Franko v. Bronson*, 19 Conn. App. 686, 692 (1989) ("Although the *Anders* procedure is not . . . constitutionally required in habeas corpus appeals . . . , [b]ecause the legislature has created a right to counsel in habeas corpus cases . . . we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the *Anders* decision."); *Vazquez v. Comm'r of Corr.*, 88 Conn. App. 226, 234 (2005) (modifying the decision-making process on *Anders* appeals as set out in *Franko*).

### III.

For the foregoing reasons, the Court DISMISSES Mr. Coleman's Petition for a Writ of Habeas Corpus [doc. # 1]. The Court also DENIES his Motion for Appointed Attorney [doc. # 19]. Furthermore, because Mr. Coleman has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. **The Clerk is directed to enter judgment and close this file.**

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **October 17, 2007**